1

2                                                                              O

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  LOUIE VASQUEZ,                    ) NO. EDCV 07-1682-JVS (MAN)
                                      )
12                 Petitioner,        )
                                      )
13       v.                           ) ORDER ADOPTING FINDINGS,
                                      )
14  COUNTY OF SAN BERNARDINO,         ) CONCLUSIONS, AND RECOMMENDATIONS
                                      )
15                 Respondent.        ) OF UNITED STATES MAGISTRATE JUDGE
    _____    )

16

17       Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition

18  for Writ of Habeas Corpus, all of the records herein, and the Report and

19  Recommendation of United States Magistrate Judge ("Report").  The time

20  for filing Objections to the Report has passed, and no Objections have

21  been filed with the Court.

22

23       The Court notes that the finding of untimeliness in this case may

24  seem to be a harsh result for a petitioner whose apparent mental illness

25  likely affected his ability to seek habeas relief for a number of years.

26  However, once Petitioner was competent to seek state habeas relief in

27  early January 2006, the causal connection between the asserted

28  extraordinary circumstance of mental illness and an inability to seek

habeas relief due to that circumstance was broken.  Thus, to equitably toll Petitioner's limitations period further, *i.e.,* from January 10, 2006, through the January 24, 2007 date on which the California Supreme Court denied Petitioner habeas relief, the existence of a different "extraordinary circumstance" would be required.

Under prevailing law, neither the fact that Petitioner was required to exhaust his claims before coming to federal court nor the fact that it took him slightly over a year to do so constitutes the requisite extraordinary circumstance for granting an additional period of equitable tolling.  All state prisoners must satisfy the exhaustion requirement by first presenting their claims to their state's highest court and awaiting that court's decision, however long it may take.  The fact that a state court, as in Petitioner's case, ultimately denies relief on the ground that the state petition was untimely, which precludes application of Section 2244(d)(2) statutory tolling, also is not extraordinary.  Indeed, this circumstance has been addressed by both the Supreme Court and the Ninth Circuit in formulating the law governing the interplay between state exhaustion efforts and the availability of statutory tolling.  *See* <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir. 2005), *as amended by* 439 F.3d 993 (9th Cir. 2006)(applying the rule established by <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005) -- that an untimely state petition is not properly-filed for purposes of Section 2244(d)(2) -- despite the "harshness of the result" and the fact that there was a "long delay" in ruling on a state habeas petition by the California Supreme Court, which ultimately found the petition to be untimely; and reasoning that, in <u>Pace</u>, the Supreme Court expressly held that "such a result," *i.e.,* that "'a petitioner trying in

1  good faith to exhaust state remedies may litigate in state court for
2  years only to find out at the end that he was never "properly filed",'
3  did not justify a different rule").

4

5       Significantly, in this case, Petitioner's conduct, at a time when
6  his mental competence is no longer in issue, directly contributed to the
7  delay in the state exhaustion process.   By the time Petitioner was
8  competent to pursue state habeas relief, he already had received about
9  five years' worth of borrowed time by virtue of equitable tolling, and
10 thus, Petitioner should have proceeded with both his state and federal
11 habeas filings as promptly as possible.   He did not do so.   To exhaust
12 his claims, Petitioner needed only to file a single, original habeas
13 petition in the California Supreme Court.   Instead, he elected to file
14 three separate habeas petitions, one at each state court level, with the
15 attendant delay accompanying that process.   Moreover, once the trial
16 court denied habeas relief, Petitioner delayed four months before filing
17 an *essentially identical* habeas petition in the California Court of
18 Appeal.   He has proffered no excuse for that delay, which, under the
19 circumstances, was unreasonable.

20

21      Moreover, and critically, once the California Supreme Court denied
22 him habeas relief on January 24, 2007, Petitioner still did not promptly
23 seek federal habeas relief.   Instead, he delayed an additional 11 months
24 before doing so, and again, he has proffered no explanation for that
25 substantial delay.   The federal habeas petition filed by Petitioner is
26 barebones at best and adds nothing to the state petitions he previously
27 filed.   Given that the California Supreme Court's denial of habeas
28 relief to Petitioner occurred over six years past the date on which

1  Petitioner's limitations period otherwise would have expired absent
2  equitable tolling, it was incumbent upon Petitioner to act with
3  diligence once his claims were exhausted.  His dilatoriness, *i.e.,*
4  delaying 11 months to file an essentially identical petition to that
5  previously filed in the state courts, was inexcusable.

7      The courts have made clear that, to effectuate the intent of
8  Congress in enacting the one-year limitations period, the judicially-
9  created equitable tolling doctrine is to be given a "sparing"
10 application and invoked as a "rarity."  Waldron-Ramsey v. Pacholke, 556
11 F.3d 1008, 1011 (9th Cir. 2009); *see also* Calderon v. United States
12 District Court, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled in*
13 *part on other grounds by* Calderon v. U.S. District Court, 163 F.3d 530,
14 540 (9th Cir. 1998).  To that end, both the Supreme Court and the Ninth
15 Circuit repeatedly have made clear that merely showing an extraordinary
16 circumstance that impeded a petitioner's ability to seek habeas relief
17 is not enough to warrant equitable tolling.  A petitioner *also* must
18 establish that he pursued his rights diligently throughout the period in
19 issue.  A failure to do so will break the link of causation between the
20 extraordinary circumstance and the failure to timely pursue relief, as
21 discussed in the Report at page 18.

23     This is a case in which Petitioner cannot satisfy the doctrine's
24 diligence requirement -- the four month gap between the trial court's
25 denial of habeas relief and the filing of his state appellate court
26 habeas petition was unduly long, and plainly, he did not act with
27 diligence in delaying 11 months before seeking federal habeas relief
28 once his claims were exhausted by the California Supreme Court's denial

4

of habeas relief.  This lack of diligence precludes affording Petitioner additional equitable tolling beyond January 2006.

    With those observations, the Court accepts and adopts the Report and the findings of fact, conclusions of law, and recommendations set forth therein.  Accordingly, IT IS ORDERED that:  (1) Respondent's Motion to Dismiss is GRANTED; and (2) Judgment shall be entered dismissing this action with prejudice.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  April 23, 2009.

                                        _____
                                              JAMES V. SELNA
                                        UNITED STATES DISTRICT JUDGE